UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RUFUS JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 05-CV-2023 |
| ) | |
| DAWN BACHTOLD, BECKY JONES, ) | |
| JAMIE RALPH, MARIA MILLER, and ) | |
| DEBORAH KENNEDY, ) | |
| ) | |
| Defendants. ) | |

## OPINION

A Report and Recommendation (#15) was filed by Magistrate Judge David G. Bernthal in the above cause on August 5, 2005. Judge Bernthal recommended that the Motion to Dismiss and Motion for Costs (#8) filed by Defendants Dawn Bachtold, Becky Jones, Jamie Ralph, Maria Miller and Deborah Kennedy be DENIED. On August 19, 2005, Defendants filed their Objections to Judge Bernthal's Report and Recommendation (#16). Following this court's careful and thorough de novo review, this court agrees with Defendants that their Motion to Dismiss should be granted. However, this court declines to award costs. Accordingly, Defendants' Motion (#8) is GRANTED in part and DENIED in part.

BACKGROUND

On December 16, 2002, Plaintiff, Rufus Johnson, filed a Complaint against the State of Illinois, Illinois Department of Children and Family Services (DCFS) in Case No. 02-2260. Plaintiff alleged that he was harassed and discriminated against on the basis of his race, African American, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq. Plaintiff alleged that "the actions of the Defendant's agents and employees" caused him to suffer damages and "were with reckless disregard to the Plaintiff's Federally protected rights." Plaintiff

sought appropriate compensatory damages, in an amount not less than $300,000, prejudgment interest, punitive damages, and attorney fees. DCFS filed an Answer and Affirmative Defenses on February 18, 2003. On April 3, 2003, a Rule 16 conference was held before Judge Bernthal. A Discovery Order was subsequently entered which set March 22, 2004, as the deadline for completing discovery and April 20, 2004, as the deadline for filing dispositive motions. The case was set for jury trial on September 13, 2004. On April 10, 2004, this court entered an Order which stated that the case could proceed before Judge Bernthal based upon the consent of the parties. On March 11, 2004, Judge Bernthal allowed the parties' motion to extend discovery plan deadlines. Accordingly, the deadline for completing discovery was extended to July 22, 2004, the dispositive motion deadline was extended to August 23, 2004, and a jury trial was scheduled before Judge Bernthal on January 10, 2005. On August 4, 2004, Judge Bernthal extended the deadline for filing dispositive motions to October 1, 2004.

On September 27, 2004, Plaintiff filed a two-page Motion for Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Plaintiff stated that no dispositive motions had been filed by DCFS, that the parties had agreed to delay discussion of a settlement until after Plaintiff's deposition, that Plaintiff's deposition was taken on September 14, 2004, and that counsel for DCFS informed Plaintiff that DCFS was not willing to make a settlement offer. Plaintiff further stated that the United States Supreme Court had recently ruled that the applicable limitations period for claims under 42 U.S.C. § 1981 was four years. Plaintiff did not file a Memorandum of Law in support of the Motion.

On September 28, 2004, DCFS filed a Motion to Strike Plaintiff's Motion for Voluntary Dismissal Without Prejudice and Memorandum of Law in Support. DCFS first argued that

Plaintiff's Motion should be stricken because it did not comply with Local Rule 7.1(B)(1) which provides that every motion raising a question of law shall be accompanied by a memorandum of law. DCFS also argued, in the alternative, that Plaintiff's Motion should be denied. DCFS stated that Plaintiff had failed to exercise diligence in prosecuting his cause of action. DCFS stated that Plaintiff failed to take a single deposition or engage in meaningful discovery to prosecute his case outside of propounding interrogatories and requests to produce. DCFS noted that Plaintiff did not provide any explanation as to why he wanted to dismiss the case and that his Motion "appears to be a transparent effort to avoid a judgment on the merits." DCFS argued that it should not be penalized for Plaintiff's lack of diligence to prosecute his case when DCFS engaged in meaningful discovery, had incurred expense, and had spent considerable time and effort preparing its Motion for Summary Judgment. DCFS argued that Plaintiff's motion should be denied because DCFS had expended considerable time on this matter and was ready to have the case reviewed for summary judgment or tried. DCFS contended that it would suffer prejudice if Plaintiff was allowed to dismiss the case without prejudice at this stage of the proceedings. DCFS noted that it could only assume Plaintiff made reference to the Section 1981 statute of limitation period because he planned to refile this suit as some type of Section 1981 claim. DCFS argued that Plaintiff should not be allowed to use this tactic to escape Judge Bernthal's discovery order. DCFS contended that it was in the interest of justice and judicial economy that Judge Bernthal deny Plaintiff's Motion for Voluntary Dismissal Without Prejudice. DCFS further stated that it had no objection to a dismissal with prejudice.

Also on September 28, 2004, DCFS filed a Motion for Summary Judgment, a 35-page Memorandum in Support and almost 200 pages of exhibits. On October 12, 2004, Plaintiff filed a Memorandum in Opposition to DCFS's Motion to Strike. Plaintiff stated that "[d]epositions of

Defendant's employees were held in abeyance pending a determination as to whether the case could be settled." Plaintiff further argued that DCFS would not be prejudiced by a voluntary dismissal because DCFS's Motion for Summary Judgment was not on file when his Motion seeking a Voluntary Dismissal was filed.

A hearing was held before Judge Bernthal on November 23, 2004. At the hearing, Judge Bernthal denied DCFS's Motion to Strike and granted Plaintiff's Motion for Voluntary Dismissal Without Prejudice. The record does not include any explanation for either ruling. Because the parties had consented to proceeding before Judge Bernthal, DCFS could not appeal Judge Bernthal's ruling to this court. Moreover, because the dismissal was without prejudice, no appeal could be taken to the Seventh Circuit. A voluntary dismissal without prejudice is not a final appealable order under 28 U.S.C. § 1291. See Doctor's Assocs., Inc. v. Duree, 375 F.3d 618, 622-23 (7th Cir. 2004); West v. Macht, 197 F.3d 1185, 1187-88 (7th Cir. 1999).

On January 28, 2005, Plaintiff filed his Complaint (#1) against Defendants Bachtold, Jones, Ralph, Miller, and Kennedy, in this case. Plaintiff alleged that Defendants were his supervisors at DCFS. Plaintiff alleged that he was harassed and discriminated against on the basis of his race, African American, in violation of 42 U.S.C. § 1981. Plaintiff alleged that "each of the Defendants personally caused or participated in the alleged constitutional deprivation, failed to act with a deliberate or reckless disregard of the Plaintiff's constitutional right, or caused the federally protected deprivation of his rights." Plaintiff sought appropriate compensatory damages, in an amount not less than $300,000, together with an award of punitive damages. Plaintiff also sought attorney fees.

On April 25, 2005, Defendants filed a Motion to Dismiss and Motion for Costs (#8) and a

Memorandum of Law in Support (#9).  Defendants argued that Plaintiff's Complaint should be dismissed because Plaintiff's claims against the individual Defendants are the same as those alleged in the prior Title VII suit, and the relief requested is essentially the same as well.  Defendants argued that, as such, Plaintiff's Complaint is, in actuality, one against the state and is barred by sovereign immunity under the Eleventh Amendment.  Defendants also argued that Plaintiff should be ordered to pay costs pursuant to Rule 41(a)(2)(d) of the Federal Rules of Civil Procedure which provides:

> If a plaintiff who has once dismissed an action in any court commences an action upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Fed. R. Civ. P. 41(a)(2)(d).  In the alternative, Defendants asked the court to enter an order limiting Plaintiff from conducting discovery that he could have conducted in the previous lawsuit.  Defendants stated that all of the allegations against his supervisors that Plaintiff asserted in his current Complaint were included in Plaintiff's previous Title VII Complaint and in his answers to interrogatories in that case.  Defendants argued that "Plaintiff should not be allowed to circumvent the Court's scheduling order in Case No. 02-2260 and now conduct discovery that he should have or could have conducted in the prior litigation, including depositions that he failed to take despite having ample time (approximately a year and one half) to do so."

On May 9, 2005, Plaintiff filed his Response to Defendants' Motion to Dismiss (#11). Plaintiff contended that his discrimination claims have been brought against state actors, in their

individual capacity, so that sovereign immunity does not apply. Plaintiff argued that Defendants did not cite any case law which holds that state actors, in their individual capacity, can assert sovereign immunity for discrimination claims brought pursuant to 42 U.S.C. §1981. Plaintiff therefore argued that Defendants' assertion of sovereign immunity should be rejected by this court and Plaintiff's claims under § 1981 as to each of the named individual Defendants should be permitted to proceed. Plaintiff further contended that costs should not be awarded under Rule 41(a)(2)(d). Plaintiff argued that Defendants were actually seeking to reverse the decision allowing him to voluntarily dismiss his earlier case, which was allowed "as a result of settlement discussions having failed to come to fruition and a then recent U.S. Supreme Court decision in Jones v. R.R. Donnelley & Sons Co., 124 S. Ct. 1836 (2004), extending the applicable limitations period of § 1981 claims" so that Plaintiff could "take a voluntary dismissal and proceed with claims under 1981."[1] Plaintiff finally argued that

---

[1] This court notes that, to the extent Plaintiff is contending that Defendants are improperly seeking a reversal of Judge Bernthal's order in this case when they did not directly attack that order in the prior case, this court has already noted that no appeal was available from the order which allowed Plaintiff to voluntarily dismiss the prior case without prejudice. This court further notes that, if an appeal to this court had been possible, this court has little doubt that the order would have been reversed. This court cannot conceive of any circumstance where it would allow a plaintiff to voluntarily dismiss a case, without prejudice, where the plaintiff admitted he did not pursue discovery during the court-ordered discovery period (apparently in the hope of obtaining a settlement) and blatantly stated his intention to refile the same case at a later date, with the obvious purpose of circumventing the court's discovery order and a ruling on a motion for summary judgment. This court notes that the Seventh Circuit has supplied four factors that may justify a denial of a plaintiff's motion for voluntary dismissal: (1) the defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. F.D.I.C. v. Knostman, 966 F.2d 1133, 1142 (7th Cir. 1992); Shrader v. Palos Anesthesia Assocs., S.C., 2003 WL 22225616, at *1 (N.D. Ill. 2003). The Seventh Circuit has stated that Rule 41(a)(2) requires a plaintiff "to persuade the district court and to establish that voluntary dismissal without prejudice is warranted." Tolle v. Carroll Touch, Inc., 23 F.3d 174, 177 (7th Cir. 1994). In this case, it appears that all of the relevant factors weighed in favor of denying Plaintiff's motion for voluntary dismissal. This court specifically notes that, in this court's opinion, the fact that Plaintiff managed to file his motion one day before the motion for summary judgment he knew was coming was filed does not weigh in his favor in any way.

this court should deny Defendants' alternative request to limit discovery in this case.

On August 5, 2005, Judge Bernthal filed his Report and Recommendation (#15). Judge Bernthal recommended denying the Motion to Dismiss based upon sovereign immunity. Judge Bernthal concluded that Defendants do not have a cognizable Eleventh Amendment defense because "Plaintiff's complaint does not allege that Defendants were enforcing a state policy or carrying out duties that could be considered vital to a state function when they engaged in the conduct at issue." Judge Bernthal also recommended denying Defendants' motion for costs pursuant to Rule 41(a)(2)(d) and recommended denying Defendants' motion to bar Plaintiff from conducting discovery in this suit.

Defendants filed their Objections to Judge Bernthal's Report and Recommendation (#16) on August 19, 2005. Defendants argued that "Plaintiff's mere allegations contained within the Complaint is not dispositive of the issue of whether a suit is one really against the state and therefore barred by the Eleventh Amendment." Defendants argued that the action brought by Plaintiff here is really and substantially one against the state and is, therefore, barred by the Eleventh Amendment. Defendants contended that the case should be dismissed and costs should be entered.

## ANALYSIS

Title VII prohibits employers from discriminating against employees or applicants on the basis of race, sex, religion or national origin. See 42 U.S.C. § 2000e-2(a); Walker v. Bd. of Regents of Univ. of Wis. Sys., 300 F. Supp. 2d 836, 849 (W.D. Wis. 2004). The employer is the proper defendant for a plaintiff's Title VII claim. Walker, 300 F. Supp. 2d at 849, citing Mateu-Anderegg v. Sch. Dist. of Whitefish Bay, 304 F.3d 618, 623 (7th Cir. 2002). Because Congress has validly abrogated state sovereign immunity with respect to Title VII, a plaintiff may recover damages from

a state employer under Title VII.  See Nanda v. Bd. of Trs. of Univ. of Ill., 303 F.3d 817, 830-31 (7th Cir. 2002); Walker, 300 F. Supp. 2d at 849.

Section 1981 prohibits discrimination on the basis of race in the making and enforcing of contracts, including employment contracts.  Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 459-60 (1975); Walker, 300 F. Supp. 2d at 849.  Plaintiffs may not sue state entities for damages under § 1981 because states are entitled to sovereign immunity for § 1981 claims.  Rucker v. Higher Educ. Aids Bd., 669 F.2d 1179, 1184 (7th Cir. 1982); Walker, 300 F. Supp. 2d at 849; Nicol v. Lavin, 2004 WL 1881786, at *2 (N.D. Ill. 2004).  However, a plaintiff may seek damages from an individual defendant, in his personal capacity, under § 1981 if the plaintiff can show that the defendant was personally involved in the illegal conduct.  See Walker, 300 F. Supp. 2d at 849, citing Kelly v. Municipal Courts of Marion County, Ind., 97 F.3d 902, 908-09 (7th Cir. 1996); see also Nicol, 2004 WL 1881786, at *3.

The Seventh Circuit has emphasized that "even when a suit is against a public officer in his or her individual capacity, the court is obligated to consider whether it may really and substantially be against the state."  Luder v. Endicott, 253 F.3d 1020, 1023 (7th Cir. 2001); Bornick v. Sondalle, 179 F. Supp. 2d 941, 946 (E.D. Wis. 2001).  The court in Luder stated:

> [A] suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act. [Citation omitted.] Indirect effects are not enough; otherwise the practical necessity for a state to compensate an employee for bearing liability

>risks would place individual-capacity suits under the bar of the Eleventh Amendment. But a suit nominally against state employees in their individual capacities that <u>demonstrably</u> has the <u>identical</u> effect as a suit against the state is, we think, barred. Any other position would be completely unrealistic and would make a mockery of the Supreme Court's heightened sensitivity to state prerogatives.

<u>Luder</u>, 253 F.3d at 1023 (emphasis in original). The court in <u>Luder</u> then determined that the plaintiff's suit under the Fair Labor Standards Act (FLSA) was "nominally against individuals but realistically against the state" and was "transparently an end run around the Eleventh Amendment." <u>Luder</u>, 253 F.3d at 1025.

In <u>Bornick</u>, the plaintiff filed suit against the defendant, a warden for the State of Wisconsin. <u>Bornick</u>, 179 F. Supp. 2d at 942. The plaintiff alleged that the defendant's discharge of him violated rights secured to the plaintiff under the FLSA, which prohibits retaliation against employees who report wage and hour violations. <u>Bornick</u>, 179 F. Supp. 2d at 948. The defendant argued that the suit was barred by the Eleventh Amendment because the suit was actually against the state since the suit challenged the decisions of State officials regarding public property. <u>Bornick</u>, 179 F. Supp. 2d at 948. The district court in <u>Bornick</u> concluded that, in order to resolve this issue, it had to "discern the nature and focus of the plaintiff's complaint." <u>Bornick</u>, 179 F. Supp. 2d at 949. In doing so, the district court determined that the allegations in the complaint before it were not entirely analogous to those in <u>Luder</u>. <u>Bornick</u>, 179 F. Supp. 2d at 949. However, the court noted that "<u>Luder</u> sets forth a clear message that with respect to the FLSA, courts should not allow artful pleading to circumvent the Eleventh Amendment immunity afforded to the state." <u>Bornick</u>, 179 F. Supp. 2d at 949. The

court then concluded that "when the allegations of the complaint are considered as a whole, it becomes apparent that the real party in interest is the State." Bornick, 179 F. Supp. 2d at 949. Therefore, because it was clear that the plaintiff's action was in reality an action against the state, the court determined that the action was barred by the Eleventh Amendment and the defendant's motion to dismiss was granted. Bornick, 179 F. Supp. 2d at 949.

This court first notes that neither Luder nor Bornick are directly analogous to this case. This court further concludes that none of the cases cited by Defendants or by Plaintiff are directly on point. However, this court concludes that it must follow the clear direction in Luder to determine whether the suit at issue is really and substantially a suit against the state. This court notes that the court in Luder stated that this type of Eleventh Amendment question "cannot be answered in the abstract" and that the "application of the amendment to suits against state officials in their individual capacity depends on the circumstances." Luder, 253 F.3d at 1022. This court also agrees with the district court in Bornick that a plaintiff should not be allowed to use "artful pleading" to circumvent the Eleventh Amendment immunity afforded to the state. This court therefore agrees with Defendants that Judge Bernthal improperly determined that the lack of certain allegations in Plaintiff's Complaint was dispositive of this issue.

This court has carefully reviewed the allegations of Plaintiff's original Complaint against DCFS in Case No. 02-2260, including the attached charge of discrimination filed with the EEOC, and the allegations of his Complaint against Defendants in this case. Following this careful review, this court concludes that the allegations in this case are essentially the same as the allegations included in the original complaint against DCFS. In addition, essentially the same relief has been requested. This court concludes that Plaintiff has filed the same case, he has just named different

defendants.  Therefore, in this case, Plaintiff is "seeking to accomplish <u>exactly</u> what [he] would accomplish [if he was] allowed to maintain this suit against the state and did so successfully."  See <u>Luder</u>, 253 F.3d at 1024 (emphasis in original).  Accordingly, this court concludes, based upon the unique circumstances presented in this case, that the Complaint against Defendants is really and substantially a suit against the state.  Therefore, this court agrees with Defendants that the case must be dismissed, with prejudice, as barred by the Eleventh Amendment.  See <u>Luder</u>, 253 F.3d at 1025; <u>Bornick</u>, 179 F. Supp. 2d at 949-50.

This court notes that Plaintiff has briefly argued that the State of Illinois has now waived sovereign immunity based upon 740 Ill. Comp. Stat. 23/5 (West 2004).  This court notes that the statute cited was effective on January 1, 2004, and was later amended to include suits brought in federal court, effective January 1, 2005.  Accordingly, this court concludes that the recently enacted statute does not apply to this case, which alleges racial discrimination which occurred in 2001.  See <u>Leslie v. Bd. of Educ. for Ill. Sch. Dist. U-46</u>, 379 F. Supp. 2d 952, 963 (N.D. Ill. 2005); <u>Blalock v. Ill. Dep't of Human Servs.</u>, 349 F. Supp. 2d 1093, 1096 (N.D. Ill. 2004); <u>Nicol</u>, 2004 WL 1881786, at *7.

Because this case will be dismissed with prejudice, this court declines to award costs to Defendants.  In addition, Defendants' alternative request that discovery be limited in this case is moot.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#15) is accepted in part and rejected in part by this court.

(2) Defendants' Motion to Dismiss and Motion for Costs (#8) is GRANTED in part and

DENIED in part. Plaintiff's Complaint (#1) is dismissed with prejudice. However, this court declines to award costs against Plaintiff.

    (3) This case is terminated.

ENTERED this 27th day of September, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE